IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA (TUSCON)



RICHARD EDWARD GUILLEN
PETITIONER

CV-25-0135-TUC-AMM--MAA

V.

CIVIL ACTION: TO BE ASSIGNED
CRIM: 19-CR-0213-CAB (SD CA)

WARDEN, USP TUSCON

## MOTION FOR WRIT OF HABEAS CORPUS CHALLENGING THE EXECUTION OF A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2241

### INTRODUCTION

COMES NOW, The Petitioner, Richard Edward Guillen (hereinafter "Guillen" or "Petitioner") pro se and in absentia with this **MOTION FOR WRIT OF HABEAS CORPUS CHALLENGING THE EXECUTION OF A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2241** In the Ninth Circuit, the principle of liberal construction of pro se motions is well established. One citation for this principle is found in " United States v. Qazi, 975 F.3d 989," where the court stated, "We are specifically directed to 'construe pro se pleadings liberally.' This duty applies equally to pro se motions and with special force to filings from pro se inmates" United States v. Qazi, 975 F.3d 989. In Thomas v. Ponder, 611 F.3d 1144," which emphasizes that courts should "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly" Thomas v. Ponder, 611 F.3d 1144. A third citation can be found in " Balistreri v. Pacifica Police Dep't, 901 F.2d 696," where the court noted that "pro se pleadings are liberally construed, particularly where civil rights claims are involved" Balistreri v. Pacifica Police Dep't, 901 F.2d 696.

The Petitioner, Richard Guillen, is one of thousands of Federal inmates in the custody of the United States Federal Bureau of Prisons, who is being held past his "conditional release date" as determined by the BOP itself.

On December 5, 2019, The Court sentenced Guillen to a term of imprisonment of 84 months with a four year term of supervision to immediately follow. He is currently serving the custodial part of his sentence at FCC Tuscon, where he is being deprived of his rights to "earned time credits" under the First Step Act of 2018 (PL 115-391).

Guillen appears before the court today in absentia as a member of a growing list of inmates in the custody of the United States Federal Bureau of Prisons ("BOP"), who are being denied the earning and/or redemption of "earned time credits" also known as "federal time credits" under the unambiguous First Step Act of 2018.

The First Step Act of 2018 (PL 115-391) allows eligible inmates (for which Guillen is) to earn these credits for redemption as described herein. Under the law, the first 365 credits are to be applied to early release (supervised release) effectively shortening a federal inmate's sentence by one year (provided they have a term of supervised release to immediately follow). Also under the law, the remaining credits, regardless of the amount, are to be redeemed against "pre release placement" or RRC (halfway house or "home confinement"). The BOP strengthens this argument by providing federal inmates with four different "conditional release dates" whereas the conditions to meet those release dates are that they are participating in Evidence Based Recidivism Reducing Programs and other Productive Activities, as outlined in The First Step Act. Guillen, along with tens of thousands of Federal inmates, have met those conditions, even

exceeded them. Now, as he comes before The Court, Guillen is being held past his release date (see exhibit "A").

## CLAIM

Guillen has been serving his 120 month sentence for the instant offense as outlined above. Since the beginning of his incarceration and during the covered period of eligibility for the First Step Act he has earned "earned time credits" or "federal time credits" as outlined herein, Guillen has earned 2041 days of earned time credits redeemable for 1020 days off of his sentence. In accordance with the First Step Act (PL 115-391) the first 365 days of earned time credits are redeemable against the "back end" of his sentence or towards supervised release. This makes his FSA out date August 3, 2025 The remaining 665 days are redeemable towards RRC (Residential Reentry Center) which is defined by the United States Code and the Federal Bureau of Prisons (BOP) as "halfway house" or "home confinement". For the purposes of this action, the First Step Act also prioritizes home confinement for eligible inmates, including Guillen, in §602(b). That would make his conditional FSA release date October 8, 2023 and this is without taking into consideration 365 days he has earned under the Second Chance Act of 2008. That would in effect make his actual "Conditional Transition To Community Confinement" date, October 8, 2022 All of this has been manifested and supported by and through the Bureau of Prisons own internal calculator, reporting procedure and documentation provided to Guillen and all other similarly situated inmates. The language of the First Step Act of 2018. Guillen is in the eligible class of Federal inmates for which the First Step Act (PL 115-391) and its full benefits apply. As the court well knows, the Bureau of Prisons had nearly 6 years to implement the First Step Act

within its 121 active institutions and still, to this day struggles with rightfully applying it to those eligible inmates.

This is another case of the BOP's unbridled abuse of authority under the color of law, the unambiguous First Step Act of 2018. The legislation provides exactly how inmates both earn and redeem their credits. The Bureau refuses to honor the requirements under the law, which is essentially a violation of the law unto itself. The overturning of the Chevron Doctrine (June 28, 2024) completely removes any discretionary interpretation of the First Step Act from the Bureau of Prisons and moves it back to the court under the color of law.

**ARGUMENT**

The BOP's discretionary authority regarding the First Step Act is limited. In fact after the reversal of Chevron there is no remaining discretionary authority. Congress even limited the BOP's "subjective" authority via section 602 of the First Step Act, regarding the Second Chance Act. Habeas corpus relief under 28 USC § 2241 can be granted if an inmate is in custody in violation of the Constitution or laws of the United States, which includes improper denial of credits under the First Step Act by the Bureau of Prisons (BOP) § 2241. Power to grant writ. Specifically, 18 USC § 3624 outlines the conditions under which inmates can earn and apply credits towards their sentence, including the application of time credits for participation in recidivism reduction programs § 3624. Release of a prisoner [Caution: See prospective amendment note below.]. Additionally, 18 USCS § 3632 details the eligibility and application of these time credits, emphasizing that credits earned should be applied towards prerelease custody or supervised release § 3632. Development of risk and needs assessment system. These statutes

collectively support the argument for habeas relief if the BOP fails to properly apply earned credits under the First Step Act.

The FSA is unambiguous in its language. 18 U.S.C. § 3632(d)(4)(D)(i)-(lxviii) enumerates 68 specific offenses and the specific conditions that render an inmate ineligible.. In the Federal Register on January 19, 2022 when the Bureau declared their final plan for FSA and began actually honoring the law (6 years after it's passage) they specifically said "It is outside the Bureau's authority to alter the exclusions of the FSA (28 CFR Part 523 and 541, FR, Vol. 87, No. 12, p. 2713). Guillen's offenses are not among the 68 enumerated offenses. Therefore he must be eligible, the BOP stipulates this.

## THE BUREAU'S RESPONSIBILITY UNDER LAW

"Statutory construction is a holistic endeavor and a provision is often clarified by the remainder of the statutory scheme" (United States Sav Association of Tex v. Timberwoods of Inwood Forest, 484 U.S. 365. 371 (1988).

18 U.S.C. § 3624(g)(1) identifies who and when a prisoner is eligible for transfer to prerelease custody; (g)(20 prioritizes those prerelease options; (A) home confinement, if not available then (B) halfway house.  PL 115-391 dictates that the first 365 days of earned time credits allow the inmate to begin supervision sooner. The remaining credits go to halfway house or home confinement.

## HOW THE BUREAU OF PRISON'S CALCULATES "EARNED TIME CREDITS"

It is well documented in court proceedings across the country that have been granted for similar actions, in every Circuit, including the Third Circuit, by the Bureau itself, as to how "earned time credits are calculated".

The formula the Bureau uses is well documented. by Susan Giddings, the Former Chief of the Unit Management Section of the Correctional Programs Branch organized under the Correctional Programs Division in the BOP's Central Office,

In January 2022 the BOP published its final rule implementing FSA time credit calculation procedures. (Giddings Declaration at ¶23). The BOP established interim procedures to implement the final rule while working to automate the process. (*Id.* at ¶24). Under the interim procedures, the BOP manually calculated an inmate's FSA time credits when the inmate approached 24 months from the projected release date. (*Id.* at ¶25). Calculations were based on the total number [*6] of days in the inmate's designated facility, divided by 30 days, and multiplied by 15 for inmates with Low or Medium risk levels. (*Id.* at ¶26). The interim, manual calculation of FSA credits was not performed for inmates with a projected release date beyond 24 months after July 30, 2022. (*Id.* at ¶25).

In September 2022, the BOP implemented auto-calculation procedures. (*Id.* at ¶32). Now, inmates have their time credits calculated and applied automatically each month until they reach the statutory maximum of 365 credits or they are within 18 months of their projected release date. (*Id.* at ¶¶33, 36). Ms. Giddings states that the 18-month cutoff is necessary because the BOP needs a fixed and predictable release date to perform the administrative tasks necessary to coordinate an inmate's transfer to prerelease custody and subsequent release. (*Id.* at ¶37).

As an inmate's projected release approaches, BOP requires time to effectively engage the inmate in prerelease preparation planning and process the administrative documentation necessary for the transfer, which includes transfer to a community-based residential program to facilitate transition back into the community. These processes are [*7] only possible if at a certain point the inmate's release date is certain. Caudillo v. Carter, 2022 U.S. Dist. LEXIS 219818, *5-7

The First Step Act was designated retroactive. Anyone in the custody of the Bureau of Prisons before December 21, 2018 began earning First Step Act credit that day. Inmate's who went into custody after December 21, 2018 begin earning credit immediately after sentencing, whereas a pretrial inmate would begin earning First Step Act credit upon being sentenced and when the Bureau of Prisons officially begins computing that inmate's sentence.

In the case of Yufenyuy v. Warden, 659 F. Supp. 3d 213, the court determined that 28 C.F.R. § 523.42(a) could not be applied to prevent Mr. Yufenyuy from earning time credits under the First Step Act (FSA). The court found that Mr. Yufenyuy was entitled to earn FSA time credits starting from June 9, 2021, based on the plain language of the FSA Yufenyuy v. Warden, 659 F. Supp. 3d 213.

The court's decision was influenced by a Chevron analysis, concluding that the regulation in question did not survive the analysis because it contradicted the express language of the FSA. As a result, the court granted Mr. Yufenyuy's petition and directed his immediate release from Bureau of Prisons (BOP) custody upon time served Yufenyuy v. Warden, 659 F. Supp. 3d 213. Additionally, the court noted that the BOP had amended its policy on February 6, 2023, to remove any bar to applying FSA time credits based on the existence of a detainer, which rendered the Warden's summary judgment motion moot Yufenyuy v. Warden, 659 F. Supp. 3d 213.

Under the formula used by the Bureau of Prisons, as outlined by Giddings above, Guillen has earned 2041 days of First Step Act Credit redeemable for 1020 ays of earned time credits. Under the First Step Act the first 365 days would come off the total sentence. This reduces his outdate to August 3, 2025 The remaining 665 days go towards RRC (halfway house or home confinement) which makes his FSA Conditional Release date October 8, 2023 The Bureau is then implored to add his 365 days of credit under The Second Chance Act of 2008 which would make his total Conditional Release Date also known as his "Conditional Transitional To Community Confinement Date" to October 8, 2022 (two and a half years ago) and direct the BOP to make these corrections immediately.

## **GUILLEN IS FREE TO PROCEED ON THE MERITS**

The Prison Litigation Reform Act of 1996 stipulates that before an inmate can bring a motion, like this one, to court, they must first exhaust all administrative remedies within the Bureau of Prisons, except in cases where exhaustion is futile. The Conditional Release tool became operable on September 4, 2024. AThe Court has ruled several times that this instance of facts constitutes futility as the time to fully exhaust is greater than the time remaining in prison. (BP-8 7 days, BP-9 30 days, BP-10 30 days, BP-11 30 days). Oftentimes the exhaustion requirement is a scapegoat for the Bureau by and through the government as to not actually deal with the issue at hand.

## **RELIEF SOUGHT**

At this time Mr. Guillen prays that this court will find that he is eligible and entitled to relief under the First Step Act and that the amount of days due to him is in fact correct. With that

finding we pray that The Court issue an order directing the Bureau of Prisons to move him to RRC (halfway house) as outlined in the First Step Act and the Second Chance Act immediately as his conditional release date(s) has passed.

## CONCLUSION

Because, under the color of law, **Guillen was to be released on October 8, 2022** [emphasis added] and For the reasons herein he respectfully prays that The Court find in his favor, grant this motion for relief under Habeas and direct the Bureau of Prisons to act under color or law.

Respectfully submitted,

_____  
Richard Edward Guillen

_3-17-25_  
Date